UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,                )
                              )
        Petitioner,            )
                              )
v.                             )    Case No. 07-1149
                              )
EDDIE JONES,                   )
                              )
        Respondent.            )

# ORDER

Before the Court is Petitioner Cedric Dupree's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Motion to Dismiss for Failure to Exhaust [#11] is GRANTED, and Petition [#3] is DISMISSED. Dupree's Motion for Evidentiary Hearing [#17] also is DISMISSED as moot.

## BACKGROUND

Cedric Dupree currently is serving a ten-year sentence for theft and a five-year sentence for false impersonation of a police officer. Dupree is incarcerated at the Pontiac Correctional Center in Pontiac, Illinois, and is in the custody of Warden Eddie Jones.

Between March 2003 and the present, Dupree alleges that the Pontiac Correctional Center Adjustment Committee revoked eighty-six months of good conduct credits. Dupree alleges that he properly filed grievances with the Administrative Review Board, and that the revocations were affirmed. If not for these revocations, Dupree contends that he served his complete sentence.

Dupree states that he declined to file a petition for order of mandamus in the Illinois Circuit Court for Livingston County because "those courts are so flawed it would make my efforts meaningless." Pet. at 2-C. Dupree alleges that one judge in Livingston County "won't recluse [sic] himself and rule on cases I filed with him as an [sic] defendant." Pet. at 2-B. He also claims that the clerk of the Livingston County Circuit Court "has an illegal docketing scheme where she combines cases with newly filed cases"; "does not send record/notice of the proceedings to inmates and try [sic] to discourage/sabotage our filings with lies"; and "scratches out defendants she's personal with." Pet. at 2-B.

Instead of filing in the circuit court, Dupree filed a motion for leave to file a petition for writ of habeas corpus in the Supreme Court of Illinois. The Illinois Supreme Court denied the motion on November 20, 2006, and it denied Dupree's motion for reconsideration on May 25, 2007.

On June 12, 2007, Dupree filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 arguing that he is unlawfully incarcerated in the Pontiac Correctional Center, and that the Illinois Supreme Court erred in denying his motion for leave to file a petition for writ of habeas corpus.

The State argues that the petition should be denied for failure to exhaust state remedies because Dupree did not follow the proper procedure in the Illinois state courts for post-conviction relief. The State argues that although the Illinois Supreme Court can adjudicate a direct petition, that court must grant leave to file before there is a fair presentment of the case. Because the Supreme Court denied leave to file, the State argues that the state courts never adjudicated Dupree's claim.

In his Traverse, Dupree requests that this Court stay his petition until his claim is adjudicated in the state courts if it dismisses the petition for failure to exhaust state remedies.

## DISCUSSION

A.     Petition for Writ of Habeas Corpus

Before proceeding to federal court for writ of habeas corpus challenging the deprivation of good-time credits pursuant to 28 U.S.C. § 2254, the petitioner must exhaust adequate and available state remedies. 28 U.S.C. § 2254(b)(1)(A); *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). The judicial remedy for Illinois prisoners challenging lost good conduct credits is to file a complaint for an order of mandamus from an Illinois circuit court. *McAtee*, 250 F.3d at 508. If dissatisfied with the outcome in the circuit court, the petitioner "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court." *Id.* at 208-09.

Dupree bypassed the standard judicial remedy by filing a motion for leave to file a writ of habeas corpus in the Illinois Supreme Court. Although this is a recognized bypass procedure, the Supreme Court's denial of leave to file "is not an adjudication on the merits and does not preclude the plaintiff from prosecuting an action seeking the same relief in a circuit court" and through the standard appellate process. *Crump v. Lane*, 807 F.2d 1394, 1395-96 (7th Cir. 1986) (*citing Monroe v. Collins*, 66 N.E.2d 670, 672 (Ill. 1946)).

Because Dupree failed to file a petition for writ of mandamus in the state trial court, and the Illinois Supreme Court denied Dupree's motion for leave to file a petition for writ of habeas corpus, no state court had an opportunity to adjudicate Dupree's claims on their merits. Therefore, it is inappropriate for this Court to adjudicate the claims because Dupree has not exhausted state remedies.

Although Dupree argues that he is unable to receive a fair hearing in the Livingston County Circuit Court, Dupree disregards state appellate procedure and its ability to remedy errors made in the trial court. Dupree's fears of an unfair hearing in the state trial court does not constitute the absence of a state corrective process or circumstances "that render such process ineffective to protect" his rights. 28 U.S.C. § 2254(b)(1)(B).

Therefore, Dupree's Petition for Writ of Habeas Corpus is dismissed without prejudice because Dupree failed to exhaust state remedies.

B.    Stay of Petition for Writ of Habeas Corpus

In his Supplemental Response to the Motion to Dismiss, Dupree requests this Court, alternatively to granting the petition, to grant a stay pending the exhaustion of state remedies. Although the State has not had an opportunity to respond to this request, other than stating in its Motion to Dismiss that a stay is not warranted, the Court will consider whether a stay is appropriate.

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court confronted the predicament created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) when a petition filed in federal court contains exhausted and unexhausted claims. Because of the one-year statute of limitations and dismissal requirements, it is possible for a petitioner to lose the opportunity for federal review of unexhausted claims. *Id.* at 275. Therefore, federal courts may, in their discretion, grant the petitioner a stay and abeyance until the petitioner has exhausted his or her state remedies and then allow the petitioner to proceed in federal court. *Id.* at 275-76. However, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Courts must consider the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings. *Id.* The AEDPA's scheme reinforces a "simple and clear instruction

4

to potential litigants: before you bring any claims to federal court, be sure that you have first taken each one to state court." *Id.* at 276-77 (*quoting Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198 (1982)).

The Seventh Circuit held in *Dolis v. Chambers*, 454 F.3d 721 (7th Cir. 2006), that district courts also should exercise their discretion when reviewing habeas petitions containing only unexhausted claims. The *Dolis* court suggests that stays should be granted liberally in cases where there is uncertainly over whether a state filing would be timely and when the petitioner is acting in good faith. *Id.* at 725.

In the present case, Dupree attempts to bring his claims to federal court prior to taking them to the state trial court. His filing in this Court prior to an exhaustion of state remedies is in contravention of the goals of the AEDPA and *Rhines v. Weber*. Dupree states in his petition that although he is aware of the requirement to file in state circuit court, he is entitled to an exception to that requirement for what he perceives to be fundamental unfairnesses in that court. Illinois appellate courts should be allowed to address any of these perceived unfairnesses before federal review is appropriate. Although this Court is not unsympathetic to Dupree's possible loss of opportunity for federal review, this Court cannot subvert both settled law and comity accorded state courts to achieve a more compassionate result. Dupree does not appear to be acting in good faith arising from a reasonable confusion about whether a state filing is timely. He intentionally filed in federal court to avoid adjudication by the Illinois state courts.

Therefore, a stay is inappropriate in this case, and this Court will not grant a stay pending adjudication in Illinois state courts.

C.  <u>Motion for Evidentiary Hearing</u>

Because Dupree's Petition is dismissed, there is no need for this Court to hold an evidentiary hearing on this matter. Therefore, Dupree's Motion for an Evidentiary Hearing is dismissed as moot.

**CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss for Failure to Exhaust [#11] is GRANTED, and Petition [#3] is DISMISSED WITHOUT PREJUDICE. Dupree's Motion for Evidentiary Hearing [#17] also is DISMISSED as moot. This matter is terminated.

ENTERED this 3rd day of October, 2007.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge